IN THE COURT OF APPEALS
AT NASHVILLE

FILED

February 5, 1999

Cecil W. Crowson
Appellate Court Clerk

| | |
|---|---|
| GLENDA WRIGHT BENNING, | ) DAVIDSON CIRCUIT |
| | ) C.A. NO. 01A01-9805-GV-00228 |
| | ) |
| Plaintiff-Appellant | ) |
| | ) |
| vs. | ) |
| | ) HON. MARIETTA M. SHIPLEY |
| | ) JUDGE |
| | ) |
| JAMES RUSSELL BENNING, | ) |
| | ) |
| Defendant-Appellee | ) AFFIRMED AND REMANDED |

E. L. EDWARDS, III, Nashville, for Appellant.

JEFFREY L. LEVY, Bruce, Weathers, Corley, Dughman & Lyle, Nashville, for Appellee.


O P I N I O N


McMurray, J.


In this divorce case, Glenda Benning (wife) challenges the trial court's award of permanent alimony to James Benning (husband). After the wife filed for divorce and the parties separated, the husband moved into the same apartment with one Jaylene Deen. On appeal, the wife argues that the trial court erred in finding

that the statutory presumption found at T.C.A. § 36-5-101(a)(3) had been rebutted by the evidence presented by the husband. We affirm the judgment of the trial court.

The parties were married on November 27, 1982. Sometime in 1983, the husband began suffering from a debilitating condition known as chronic phlebitis. At some point in time during the mid-1980s, not precisely revealed by the record, the husband was declared one hundred percent disabled by the Social Security Administration.

The husband is a graphic artist. Starting in 1989, he began painting "first-day covers" for stamp collectors. A first-day cover is essentially an envelope upon which collectors place stamps, typically those stamps which have been released on the first day of their publication. The husband testified that his physical condition has made it impossible for him to paint first-day covers since April of 1997.

On July 8, 1997, the wife filed a complaint for divorce. In August, the husband moved out of the marital residence and began sharing an apartment with Jaylene Deen. At trial, the wife argued that the statutory presumption found at T.C.A. § 36-5-101(a)(3)

2

should apply and preclude the husband from receiving alimony. T.C.A. § 36-5-101(a)(3) provides as follows:

> (3) In all cases where a person is receiving alimony in futuro and the alimony recipient lives with a third person, a rebuttable presumption is thereby raised that:
>
> (A) The third person is contributing to the support of the alimony recipient and the alimony recipient therefore does not need the amount of support previously awarded, and the court therefore should suspend all or part of the alimony obligation of the former spouse; or
>
> (B) The third person is receiving support from the alimony recipient and the alimony recipient therefore does not need the amount of alimony previously awarded and the court therefore should suspend all or part of the alimony obligation of the former spouse.

The husband testified that the reason he moved in with Ms. Deen was to reduce his expenses, and that they share the rent and utilities expenses. He testified that the apartment has separate bedrooms and bathrooms, and that he has never had any kind of romantic or sexual relationship with Ms. Deen. He stated that they keep their finances entirely separate, and that neither contributes financial support to the other. The husband presented the testimony of two of his acquaintances who had frequently visited with him at his apartment. Both testified to the same effect. The wife presented no evidence tending to contradict the husband's assertions in this regard.

3

The husband argues on appeal that T.C.A. § 36-5-101(a)(3) does not apply to the circumstances of the present case, because at the time of trial, he was not receiving alimony in futuro and the statute applies only "[i]n all cases where a person is receiving alimony in futuro." While the husband's argument is semantically correct, we are of the opinion that the statute should be reasonably construed to apply to situations such as the present, where a party who is living with another person is seeking alimony in a divorce case. To hold otherwise would yield inconsistent and judicially inefficient results. For instance, if the statute is not construed to include the present situation, the ostensible alimony payor would undoubtedly simply wait for the alimony award, then return to court seeking the application of the statute. We construe the statute to apply to those situations where a party to a divorce case is living with a third person and is seeking alimony in futuro from his or her ex-spouse.

Turning to the merits of the case, the wife argues in her brief that "[t]he proof in the record shows that Mr. Benning moved into the apartment with Ms. Deen to engage in a meretricious relationship which should not be honored by our courts." There is simply no evidence in the record which supports this allegation. All of the testimony in the record is to the effect that the husband and Ms. Deen moved into an apartment to share and reduce expenses, and that they do not financially support each other.

4

Further, the wife does not allege that the husband committed adultery with Ms. Deen or anyone else, and there is no evidence suggesting adultery.

We note that, although the arguments in the parties' briefs focus on whether there was a romantic relationship between the husband and Ms. Deen, the statute does not require any specific kind of relationship for its application. It applies in all cases where an alimony recipient "lives with a third person," regardless of the relationship, or the gender of the third person. The only inquiry directly relevant to T.C.A. § 36-5-101(a)(3), by its own clear terms, is whether the alimony recipient is either providing to, or receiving financial support from, the person with whom he or she lives.[1] The trial court correctly found that the husband's uncontradicted evidence effectively rebutted the statutory presumption that the husband was giving or receiving financial support from Ms. Deen.

The wife also argues that the court erred in awarding alimony in futuro rather than rehabilitative alimony, citing T.C.A. § 36-5-101(d)(1), which states:

> It is the intent of the general assembly that a spouse who is economically disadvantaged,

---

[1]Of course, the question of whether the persons are romantically involved may have substantial bearing and relevance upon the issue of whether one financially supports the other.

> relative to the other spouse, be rehabilitated
> whenever possible by the granting of an order
> for payment of rehabilitative, temporary
> support and maintenance. Where there is such
> relative economic disadvantage and
> rehabilitation is not feasible in consider-
> ation of all relevant factors, including those
> set out in this subsection, then the court may
> grant an order for payment of support and
> maintenance on a long-term basis or until the
> death or remarriage of the recipient except as
> otherwise provided in subdivision (a)(3).

The husband's income from social security payments is $770 per month, or $9,240 per year. He testified that his rent and utilities expenses total $372 per month, and his medication expense is $286.76 per month. The wife's net monthly income is $2,573.78. As previously noted, the trial court found that the husband is permanently one hundred percent disabled. There is no evidence in the record disputing or contradicting this conclusion. The husband testified that he is unable to work due to his physical condition. It is apparent from his uncontradicted testimony that he has no reasonable chance of economic rehabilitation in the future. The trial court awarded the husband alimony in futuro in the amount of $450 per month. The evidence clearly preponderates in favor of the trial court's judgment.

We affirm the trial court's judgment in its entirety. Costs of this appeal are taxed to the appellant and this case is remanded to the trial court.

6

                                            _____
                                            Don T. McMurray, Judge

CONCUR:


_____
Houston M. Goddard, Presiding Judge


_____
Herschel P. Franks, Judge

7

```
               IN THE COURT OF APPEALS
                    AT NASHVILLE




GLENDA WRIGHT BENNING,          )    DAVIDSON CIRCUIT
                                )    C.A. NO. 01A01-9805-CV-00238
                                )
          Plaintiff-Appellant   )
                                )
vs.                             )
                                )
                                )    HON. MARIETTA M. SHIPLEY
                                )    JUDGE
                                )
JAMES RUSSELL BENNING,          )
                                )
          Defendant-Appellee    )    AFFIRMED AND REMANDED
```

## JUDGMENT

This appeal came on to be heard upon the record from the Circuit Court of Davidson County, briefs and argument of counsel. Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court.

We affirm the trial court's judgment in its entirety. Costs of this appeal are taxed to the appellant and this case is remanded to the trial court.

_____
Don T. McMurray, Judge

_____
Houston M. Goddard, Presiding Judge

_____
Herschel P. Franks, Judge